# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

LOIS H. GOODMAN
Direct dial: (973) 565-2079
lgoodman@mdmc-law.com

September 27, 2005

Honorable Stanley R. Chesler
United States District Judge
United States District Court
Clarkson S. Fisher Federal Building
 & U.S. Courthouse
402 East State Street
Trenton, NJ  08608

    *Re:* *James R. Dalton, et al. v. General Motors Corporation, et al.;*
      *Civil Action No. 3:05-cv-00727-SRC-TJB*

Dear Judge Chesler:

  This office, together with Kirkland & Ellis LLP and Bingham McCutchen LLP, represents the defendants in the above-referenced matter. We are writing in response to the letter dated September 23, 2005, from Paul Marber concerning one of the plaintiffs, James Dalton. As we mentioned at the hearing on September 20, 2005, Mr. Dalton's deposition began on September 22, 2005. We understand that counsel's latest request arises, at least in part, from the fact that Mr. Dalton's deposition testimony contradicted his summary judgment affidavit in several material respects. We appreciate The Cochran Firm's decision to take some curative action. Absent from counsel's letter, however, is any explanation regarding the circumstances surrounding the preparation and filing of Mr. Dalton's affidavit or, indeed, the filing of the Complaint in the first instance. We defer to the Court regarding whether further inquiry is warranted.

  With respect to the specific relief requested in counsel's letter, we agree that the Court should not consider Mr. Dalton's affidavit in connection with the pending summary judgment motion. Without that affidavit, there is no factual support for Mr. Dalton's allegations that the General Release he signed is not binding and enforceable. We respectfully submit that under no circumstances should the Court permit Mr. Dalton, having joined in this case and put the Defendants to the trouble and expense of preparing, supporting and arguing a dispositive motion, to withdraw the claims addressed by that motion without prejudice to avoid a decision on that motion. *See, e.g., Shabazz v. PYA Monarch, LLC*, 271 F.Supp.2d 797, 799-801 (E.D. Va. 2003) (denying plaintiff's motion to dismiss under Rule 41(a) and instead granting defendant's motion for summary

## MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 2

judgment "to protect the interests of the defendant"); *see also Virgil v. Montgomery*, 353 F.Supp.2d 620, 622-23 (E.D.N.C. 2005) (denying plaintiff's motion to dismiss under Rule 41(a) because of the effort and expense defendant incurred and because of plaintiff's insufficient explanation for the need of the dismissal). Accordingly, we request that the Defendants' motion for summary judgment (which is well-founded whether Mr. Dalton's affidavit is considered or not) be granted.

Even aside from the pending motion for summary judgment, the Court has the discretion under Rule 41(a)(2) to dismiss on "such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2). In the circumstances of this case, those conditions at a minimum should include either (i) the award of attorneys' fees and costs in connection with defending against Dalton's claims, or (ii) that his claims be dismissed with prejudice. *See, e.g., Manze v. State Farm Insurance Co.*, 817 F.2d 1062, 1064-1067(3rd Cir. 1987) (noting that the Court may dismiss plaintiff's claim with prejudice under Rule 41(a)(2) if defendant has moved for summary judgment, but reversing the dismissal with prejudice because defendant did not answer the complaint or move for summary judgment, so Rule 41(a)(1), rather than 41(a)(2), applied); *Cauley v. Wilson*, 754 F.2d 769, 771-772 (7th Cir. 1985) (affirming award of attorneys' fees on dismissal without prejudice under Rule 41(a)(2) but remanding for greater factual support as to the amount of those fees). In addition, the Defendants respectfully request the opportunity to complete Mr. Dalton's deposition, as well as serve him with written discovery. The bottom line is that it would be particularly unfair for Mr. Dalton to abandon his claims without prejudice, as Mr. Branch did before him, after the Defendants and the Court have invested significant time and resources on a fully-briefed, argued motion for summary judgment.

The Defendants have no objection to Mr. Dalton's withdrawal as a class representative.

Thank you for your consideration of this matter.

Respectfully submitted,

Lois H. Goodman

/mg
cc: Honorable Tonianne J. Bongiovanni
　　　Paul A. Marber, Esq.
　　　Laura P. Templer, Esq.
　　　Paul R. Garcia, Esq.
　　　James C. McGrath, Esq.